ATLANTIC CITY RAILROAD COMPANY, PLAINTIFF-AP-
PELLANT, v. MICHAEL PACKMAN AND SAMUEL PACK-
MAN, TRADING AS PACKMAN BROTHERS, DEFEND-
ANT-APPELLEES.

Decided November 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Thompson & Hanstein.*

For the appellees, *Endicott & Endicott.*

PER CURIAM.

An action was brought by the Atlantic City Railroad Com-
pany, in the Atlantic City District Court, to recover from the
defendants, the difference in freight charges on a certain
shipment of canned goods on car No. 96757, on October 7th,
1925, from Goldsborough, Maryland, to Atlantic City, New
Jersey.

The conceded facts are, that it was an interstate shipment,
and that the rules of the interstate commerce commission
apply; that the appellant railroad company collected the
freight at Atlantic City in the sum of $132.60, which was
based on an inaccurate rate. It was further conceded that
the rate which the company should have charged was forty
and one-half cents per hundred on fifty-two thousand pounds,
and according to that rate, would have amounted to $210.60.

The appellant company therefore claimed the difference of
$78 in freight charges.

It is conceded that a counter-claim filed by the defendants-appellees for losses sustained by them on previous shipments, over plaintiff-appellant's lines at the replacement value of the damaged items, in Atlantic City, is $21.21, and the replacement value in wholesale quantities is $16.74.

The trial judge nonsuited the appellant on its claim and gave judgment for the defendants on their counter-claim. It is conceded that a mistake was made by the railroad company in the statement of its freight charges. But even if that were not so, the material facts of this case are like unto those facts dealt with in *West Jersey and Seashore Railroad Co.* v. *Lake & Risley Co., 7 N. J. Adv. R.* 517, decided by this court. The headnote reads: "Where it was ascertained, after consignees of freight accepted merchandise and paid full amount of transportation charges, then stated to be due, and signed delivery receipts, that amount paid was less than schedule of rates established and posted with interstate commerce commission, nonsuit of action by carrier to recover small balances due, based upon act congress February 4th, 1887 (49 *U. S. C. A.,* § 1 *et seq.*), known as Interstate Commerce act and its amendments, held, error where shipment was interstate, the act prohibiting departure from tariff rates filed."

This case is controlling.

Judgment is reversed, with costs.